UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SEAN A. CLARK,                                  :
                                                :   **ORDER GRANTING**
                         Plaintiff,   :   **DEFENDANT'S MOTION FOR**
                                                :   **JUDGMENT ON THE PLEADINGS**
      -against-                         :
                                                :   08 Civ. 8443 (AKH)
MICHAEL J. ASTRUE, Commissioner of              :
Social Security,                                :
                                                :
                        Defendant.    :
------------------------------------------------------------x
ALVIN K. HELLERSTEIN, U.S.D.J.:

        In this action, Plaintiff Sean A. Clark seeks review and reversal of a final determination by the Social Security Administration denying him disability benefits. For the reasons stated below, I find that the Commissioner's decision was supported by substantial evidence. Accordingly, I grant the Commissioner's motion, and deny Plaintiff's motion, for judgment on the pleadings.

        Plaintiff initially applied for disability insurance benefits and supplemental security income on January 22, 2004. His application was denied on March 22, 2004. Plaintiff requested an administrative hearing, but failed to appear. He had begun to work, and did so until he left his job in April 2006. On October 27, 2006, Plaintiff again applied for disability insurance benefits and supplemental security income. He claimed that he had been disabled since April 15, 2006, when, at 33 years old, he began to suffer lower back pain due to a basketball injury. His application was denied on January 24, 2007, and again, de novo, by an administrative law judge ("ALJ") on November 9, 2007, after a hearing at which Plaintiff testified and was unrepresented. The determination by the ALJ became final on September 9, 2008, when the Appeals Council denied Plaintiff's request for review.

1

An individual may request judicial review by a district court of a final determination by the Commissioner of Social Security.  42 U.S.C. § 405(g).  The district court may enter a judgment "affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing."  Id.  The Social Security Act provides that "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  Id.  Therefore, the district court does not engage in a de novo determination of whether or not the claimant is disabled, Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999), but instead determines whether correct legal standards were applied and whether substantial evidence supports the Commissioner's decision.  See 42 U.S.C. § 405(g); see also Pollard v. Halter, 377 F.3d 183, 188 (2d Cir. 2004).  If the court finds that substantial evidence supports the determination, it must uphold the Commissioner's decision, even if substantial evidence supports the Plaintiff's position as well.  See Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982).  Evidence supporting a decision is "substantial" if reasonable minds might accept the evidence as adequate.  Pollard, 377 F.3d at 188 (citing Richardson v. Perales, 402 U.S. 389, 407 (1971)).  The substantial evidence test applies not only to findings of basic evidentiary facts, but also to inferences and conclusions drawn from such facts.  Rodriguez v. Califano, 431 F. Supp. 421, 423 (S.D.N.Y. 1977).

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medially determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  A claimant is disabled under the Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his

age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." Id. § 423(d)(2)(A).

The Social Security Administration has promulgated a five-step procedure for evaluating disability claims. The Court of Appeals has interpreted this five-step procedure as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience . . . . Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Rosa, 168 F.3d at 77. The burden rests on the claimant through the first four steps. Thus, the claimant must prove that he is unable to perform prior work activity. Once the claimant proves that his severe impairment prevents him from performing his past work, the burden shifts to the Commissioner at the fifth stage of the analysis. Using the residual functional capacity assessment performed at step four, the Social Security Administration must establish at the fifth step that the claimant can perform alternative substantial, gainful work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1520(e); see Snipe v. Barnhart, No. 05 Civ. 10472 (LAP) (AJP), 2006 WL 2390277, at *9 (S.D.N.Y. Aug. 21, 2006).

A Rule 12(c) motion may be granted "where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings." Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988) (citations omitted).

Plaintiff stated that, after the onset of his disability in April 2006, he worked out on a treadmill daily, for between 15 minutes and half an hour, but did so cautiously. He used a computer, read, ate meals, did laundry, and cleaned his apartment, all without incident. He slept on his back or stomach, but not on his side. He was able to dress himself, shower, groom, and shave. However, he tired after going out in the evening, struggled with stairs in subways, had trouble lifting heavy objects and standing or walking for long periods of time. See Tr. 119-38.[1]

At the administrative hearing, Plaintiff testified that he had worked most recently as a driver of a small school bus, and, before that, as an assembly-line worker sorting skin-care products and as a receiving clerk in a doctor's office. Each job was full-time. Plaintiff testified that he left his job as school bus driver in April 2006, because of constant lower back pain stemming from his basketball injury. He did not, however, use a cane or other support, nor did he regularly take any pain medication. In fact, he last saw a doctor in October 2005, six months before he left the job. See Tr. 25, 33-44.

Plaintiff testified that he had not worked since leaving the bus driver job. He explained that he could walk only one or two blocks at a time, after which he would have to stop to rest, and that he had to sit after standing for five to 10 minutes, and stand after sitting for 35 to 40 minutes. He claimed that constant pain prevented him from exercising or carrying groceries home from the supermarket, and that he had trouble sleeping. See Tr. 34, 44-47.

The medical evidence showed that Plaintiff suffered from a lower back condition which did not impair his ability to engage in his daily activities. An x-ray of his back on

---

[1] "Tr." refers to the court transcript of the administrative record filed March 2, 2009.

November 2, 2006 showed normal height and contour of his spine, without lesions or degenerative tissue.  See Tr. 309.  A physician who examined Plaintiff 15 days later did not restrict his abilities for employment purposes.  See Tr. 331-32.  An x-ray taken on March 7, 2007 showed but slight changes.  See Tr. 339.  An MRI taken May 11, 2007 was largely unremarkable.  See Tr. 335-36.  A follow-up x-ray on September 25, 2007 was consistent.  See Tr. 338.  A consultative examination on January 4, 2007 noted Plaintiff's complaints of pain, but found no objective evidence consistent with his complaint of difficulty sitting and standing.  See Tr. 310-13.  The consulting physician found "full flexion, extension and lateral flexion bilaterally, and full rotary movement bilaterally," in both lumbar and cervical areas of the spine. Id.

      The ALJ found that (a) Plaintiff had not engaged in substantial gainful employment since April 15, 2006, and (b) Plaintiff had suffered a severe lower back impairment that did restrict his ability to perform basic work activities.  Tr. 8.  However, the impairment was not one that was listed in the Social Security table (20 C.F.R. Part 404, Subpart P, App. 1).  The ALJ found that Plaintiff had "the residual functional capacity to occasionally lift and carry up to twenty pounds at a time, frequently lift and carry up to ten pounds at a time, walk and stand up to six hours out of an eight hour day, . . . consistent with an ability to perform light work."  Tr. 11. The ALJ referred to the consultative physician who found that Plaintiff was not in acute distress, walked with a normal gait and on heels and toes, with full flexion and rotary movement of joints. The findings of all the other doctors largely were consistent, in that, though they indicated some degeneration of the spine, they did not support Plaintiff's complaints of being in full distress.  Tr. 12-13.  Quoting the statute and other sources, the ALJ found no medical signs or other evidence

to support Plaintiff's complaint. See 42 U.S.C. §§ 423(d)(5)(A), 1382c(a)(3)(D); 20 C.F.R. §§ 404.929(b), 416.929(b).

In sum, the ALJ found that Plaintiff was capable of performing his past relevant work, as a bus driver, or a receiving clerk, or an assembly worker of light, small products. Tr. 13-14. In addition, the ALJ found that Plaintiff was capable of performing light work generally, and that there were 1600 suitable jobs in the national economy listed in the Social Security Regulations. Id.; see 20 C.F.R. Part 404, Subpart P, App. 2, § 202.00, Table 1 (Medical-Vocational Guidelines); see also Heckler v. Campbell, 461 U.S. 458, 467-68 (1983). Accordingly, the ALJ found that Plaintiff was not disabled as defined by the Social Security Act. See 42 U.S.C. § 423(d).

Plaintiff's supplementary medical evidence, submitted to this court, supports only the propositions that he complained about pain, and that x-rays showed some degeneration. This supplementary evidence duplicates in part, and does not contradict, the evidence before the ALJ. Therefore, remand on its basis is inappropriate. See 42 U.S.C. § 405(g).

I hold that the evidence substantially supports the determination of the ALJ, as reasonable minds might accept it as adequate to support that determination. See Pollard, 377 F.3d at 188. Accordingly, I affirm the determination, and grant judgment dismissing the Complaint, pursuant to Fed. R. Civ. P. 12(c).

The Clerk shall mark the motions (Docs. ## 4, 7, & 10) as terminated, and the case as closed.

SO ORDERED.

Dated:  May //, 2009
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge